IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELINDA FARROW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CIV-23-503-SLP |
| CITY OF WEATHERFORD, LOUIS FLOWERS, JOSH VANDEBURGH, and LAURA COX, | ) ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court are several related motions to dismiss filed by the three individual defendants (the "Individual Defendants") in this action.[1] First, Defendant Josh VanDeburgh ("Assistant Chief VanDeburgh") filed a Motion to Dismiss First Amended Complaint [Doc. No. 14], to which Plaintiff filed a Response, *see* [Doc. No. 27], and Assistant Chief VanDeburgh replied, *see* [Doc. No. 35].

Second, Defendant Louis Flowers ("Chief Flowers") filed a Motion to Dismiss and Brief in Support [Doc. No. 16], to which Plaintiff responded, *see* [Doc. No. 28], and Chief Flowers replied, *see* [Doc. No. 34].

Third, Defendant Laura Cox ("Lieutenant Cox") filed a Motion to Dismiss [Doc. No. 18], to which Plaintiff responded, *see* [Doc. No. 29], and Lieutenant Cox replied, *see* [Doc. No. 36].

---

[1] Defendant City of Weatherford does not seek dismissal and filed its Answer to the Amended Complaint. [Doc. No. 25].

Each Individual Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and asserts a defense of qualified immunity. For the reasons stated below, the Motions are GRANTED.

## I.   Background[2]

Plaintiff Matheu Farrow, formerly known as Melinda Farrow, is a transgender man who worked for the City of Weatherford Police Department ("WPD") from 2011 until his resignation in 2022. Am. Compl. [Doc. No. 3] ¶¶ 14–15, 43–44.[3] He began as a Communications Officer in 2011, was promoted to Sergeant in 2015, and to Lieutenant in 2017. *Id.* ¶¶ 15, 17.

In January 2019, after becoming engaged to his girlfriend, Plaintiff began experiencing issues at work, including from one coworker who made "several remarks not approving of Plaintiff's homosexual 'lifestyle.'" *Id.* ¶ 18. Plaintiff reported these comments to his supervisor, Assistant Chief VanDeburgh, who ignored the complaint and instead ordered Plaintiff "to not have visitors because it made people feel uncomfortable" and "not to be friends with any coworkers," citing discomfort among staff. *Id.* ¶ 19. Plaintiff further escalated the complaint to Chief Flowers, who "took no action." *Id.*

Following Plaintiff informing Chief Flowers that he had begun hormone therapy to transition to male, Assistant Chief VanDeburgh announced at a department meeting that

---

[2] The factual summary herein is taken from Plaintiff's Amended Complaint [Doc. No. 3] and accepted as true for the purpose of deciding the Motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Citations to the parties' briefing submissions reference the Court's ECF pagination.

Plaintiff would be removed from daily management responsibilities due to "issues with her hormones changing." *Id.* ¶ 34. Chief Flowers took no action, allowing Plaintiff to be "stripp[ed] of his duties." *Id.* Further, Plaintiff was told by Lieutenant Cox and Assistant Chief VanDeburgh that Plaintiff should not have visitors because "his sexual orientation made employees feel uncomfortable." *Id.* ¶ 29. They also directed Plaintiff to remove "homosexual material" from his social media, a restriction not imposed on heterosexual employees. *Id.* ¶ 32. Aside from Plaintiff, other homosexual employees (or at least, those perceived to be homosexual) were often the target of harassment, including homophobic slurs. *Id.* ¶ 24, 27–28, 35-36, 49–51. For example, "Queer Flu" had been spelled out using magnetic letters on the break room refrigerator, referring to Plaintiff giving Chief Flowers the "Queer Flu." *Id.* At one point, Lieutenant Cox pressured Plaintiff to fire a dispatcher due to the dispatcher's sexual orientation. *Id.* ¶ 49.

After developing a stress-related infection, Plaintiff took brief medical leave. *Id.* ¶ 41. When he returned to work, Plaintiff was reassigned from the day shift to nights by Assistant Chief VanDeburgh, leaving the day team without adequate senior or command staff to deal with daily operations. *Id.* ¶ 42. Plaintiff ultimately submitted his resignation "due to the amount of stress, mental and physical abuse, the discrimination he had been enduring, and the demotion he received." *Id.* ¶ 43. Although encouraged by Human Resources and Chief Flowers to take his next shift off to reconsider his resignation, Assistant Chief VanDeburgh issued a write up for Plaintiff being a "no call no show" to the shift. *Id.* Plaintiff permanently resigned shortly thereafter.

**II.     Governing Standards**

    **A.  Federal Rule of Civil Procedure 12(b)(6)**

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, requires a litigant to plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).  "While '[s]pecific facts are not necessary,' some facts are." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Ashcroft*, 556 U.S. at 678.

Further, regarding § 1983 claims, there is a "need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom").

### B. Qualified Immunity

"Qualified immunity applies to claims for monetary relief against officials in their individual capacities. . ." *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1233 n. 3 (10th Cir. 2004). "When a defendant raises a qualified immunity defense, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016); *see also Hunt v. Montano*, 39 F.4th 1270, 1284 (10th Cir. 2022) ("[w]hen a § 1983 defendant raises qualified immunity . . . the burden shifts to the plaintiff to establish both prongs of the defense."); *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) ("[w]here, as here, defendants moved for dismissal of § 1983 claims under Rule 12(b)(6) based on qualified immunity, there is 'a presumption that the defendant is immune from suit.'" (citation omitted)).

At the motion to dismiss stage, a plaintiff "must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Hernandez v. Ridley*, 734 F.3d 1254, 1258 (10th Cir. 2013) (citation omitted). Under the second prong, Plaintiff must identify "clearly established" law that would have notified the Individual Defendants their actions were unlawful. *See Washington v. Unified Gov't of Wyandotte Cnty., Kansas*, 847 F.3d 1192, 1202 n.3 (10th Cir. 2017).

Plaintiff may show the law to be "clearly established" by citing an on-point Supreme Court or Tenth Circuit decision, or by showing "the clearly established weight of authority from other courts . . . have found the law to be" as he maintains. *Grissom v. Roberts*, 902

5

F.3d 1162, 1168 (10th Cir. 2018) (internal quotation marks and citation omitted). An on-point decision means the precedent is "particularized to the facts"—that it "involves materially similar facts" to the case at hand. *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015) ("The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." (internal quotation marks and citations omitted)). In other words, on-point precedent cannot define a right at "a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). There does not have to be "a case directly on point, but existing precedent [nonetheless] must have placed the statutory or constitutional question beyond debate." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 427 (2021) (quoting *al-Kidd*, 563 U.S. at 741).

### III. Discussion

Plaintiff alleges numerous violations of Title VII against the City of Weatherford and brings a § 1983 claim against the City of Weatherford and the Individual Defendants. Am. Compl. [Doc. No. 3]. Specifically, Plaintiff alleges that the Individual Defendants' conduct violated his constitutional rights because they discriminated against him on the basis of his transgender status and sexual orientation, which Plaintiff argues is inherently sex-based discrimination.[4] *Id.* ¶ 86 (alleging the Individual Defendants deprived Plaintiff

---

[4] Although not included in the caption of the lawsuit, Plaintiff's Amended Complaint asserts Count IV against the Individual Defendants in their individual capacities only. Am. Compl. [Doc. No. 3] at 1. "A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011).

of equal protection "by their hostile and disparate treatment of Plaintiff, retaliation, and constructive discharge based on his sexual orientation"); [Doc. No. 27] at 8 ("Defendant's discrimination against Plaintiff for simply being a transgender and homosexual person is discrimination because of Plaintiff's sex and his 'failure to comply with stereotypical gender norms.'").

The Individual Defendants argue, in part, that Plaintiff's § 1983 claim is barred by qualified immunity because Plaintiff cannot show he had a "clearly established" constitutional right that they violated.[5]  They further argue that Plaintiff does not identify any precedent that would put a reasonable official on notice that their specific actions were unlawful in the situations they confronted.  Relatedly, Lieutenant Cox argues that a reasonable official in her shoes would not have "understood that a co-worker, not a supervisor, was responsible for ensuring the workplace was free from any gender orientation discrimination."  [Doc. No. 18] at 14.

Because the Court may address either prong of qualified immunity first, the Court elects to consider whether Plaintiff's constitutional right was clearly established at the time of the Individual Defendants' alleged misconduct.  *See Roberts v. Winder*, 16 F.4th 1367, 1374 (10th Cir. 2021) ("Courts have discretion to decide the order in which they address these two prongs.").

---

[5] *See* Motions, [Doc. No. 14] at 7–9, 11–12; [Doc. No. 16] at 28–29; [Doc. No. 18] at 14–15.

### A. Clearly Established

The gravamen of Plaintiff's § 1983 claim is that the Individual Defendants violated his constitutional rights by their "hostile and disparate treatment of Plaintiff, retaliation, and constructive discharge based on his sexual orientation." Am. Compl. [Doc. No. 3] at ¶ 86. In support, he relies heavily on caselaw interpreting and applying Title VII in the context of transgender and sex discrimination, arguing that the logic should apply in equal force to claims under the Equal Protection Clause. For example, Plaintiff cites *Bostock v. Clayton County*, 590 U.S. 644 (2020), which held that discrimination on the basis of transgender status necessarily discriminates based on sex for purposes of Title VII. This ruling, however, did not expressly extend to the Equal Protection Clause, and the Supreme Court has yet to issue a ruling that does so. *United States v. Skrmetti*, 605 U.S. —, 145 S. Ct. 1816 (2025) ("We have not yet considered whether *Bostock*'s reasoning reaches beyond the Title VII context, and we need not do so here.").

On the other hand, the Tenth Circuit did recently grapple with *Bostock*'s applicability to the Equal Protection Clause in *Fowler v. Stitt*, 104 F.4th 770 (10th Cir. 2024). There, the Tenth Circuit recognized that discrimination against transgender individuals plausibly constituted sex discrimination under the Fourteenth Amendment. *Id.* at 793 ("We thus join the courts that have applied *Bostock*'s reasoning to equal protection claims."). But *Fowler* came after the events in this case and, more importantly, was recently vacated by the Supreme Court in light of the recent ruling in *Skrmetti*. *See Stitt v. Fowler*, 145 S. Ct. 2840 (2025). Because *Fowler* both post-dates the alleged conduct and no longer has precedential force, it cannot clearly establish the law for Defendants'

8

conduct. *Milligan-Hitt v. Bd. of Trs. of Sheridan Cnty. Sch. Dist. No. 2*, 523 F.3d 1219, 1233 (10th Cir. 2008) (internal quotations and citation omitted) ("To determine whether the law was clearly established, i.e., whether it would be clear to a reasonable officer that his conduct was unlawful, we look to the relevant precedents at the time of the challenged actions and the obviousness of the violation in light of them."). Further, *Fowler*'s vacatur underscores that the issue remains unsettled in this Circuit even today. Thus, the Court cannot say that *Bostock*, standing alone, placed the constitutional question "beyond debate" at the times of the alleged conduct. *Frasier*, 992 F.3d at 1014.

Aside from *Bostock*, Plaintiff also looks to other Title VII caselaw. For example, Plaintiff invokes *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), and *Los Angeles Dep't of Water & Power v. Manhart*, 435 U.S. 702 (1978). Both cases were also decided under Title VII and concerned whether employment decisions based on sex stereotypes or sex-based generalizations constitute discrimination "because of sex." But like *Bostock*, *Price Waterhouse* did not address the Equal Protection Clause, and Plaintiff cites to no case that expands its reasoning beyond the context of Title VII. Thus, these cases cannot, alone or in combination with other Title VII authorities, clearly establish a constitutional right for § 1983 purposes.

Similarly, Plaintiff's claims for retaliation and hostile work environment (theories traditionally used in Title VII claims) are not clearly established theories under the Equal Protection Clause. For example, to the extent Plaintiff asserts a retaliation claim pursuant to the Equal Protection Claim, such a claim must fail because a pure retaliation claim is not a legally cognizable claim under the Equal Protection Clause. *See e.g.*, *Tafoya v. Adams*,

9

816 F.2d 555, 558 (10th Cir. 1987) ("The right to be free of retaliatory discharge provided for by Title VII does not entitle one to relief under 1983[.]"); *Unal v. Los Alamos Pub. Sch.*, 638 F. App'x 729, 740 (10th Cir. 2016) ("But the Equal Protection Clause is not generally a suitable vehicle for raising a retaliation claim"); *Sherman-Harris-Golson v. Forest Park Mun. Auth.*, No. CIV-21-466-F, 2021 WL 5056582, at *6 (W.D. Okla. Nov. 1, 2021) ("However, 'a theory of liability for retaliatory conduct [does not] come within § 1983.'" (quoting *Long v. Laramie Cnty. Cmty. Coll. Dist.*, 840 F.2d 743, 752 (10th Cir. 1988), *cert. denied*, 488 U.S. 825 (1988)). Relatedly, the Tenth Circuit has only assumed, but never decided, that the Equal Protection Clause supports a right to be free from a hostile work environment based on sex. *See Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1227 (10th Cir. 2025) ("Here, the violation [plaintiff] claims is of a right under the Fourteenth Amendment's Equal Protection Clause to be free from a hostile work environment based on her sex. For purposes of this appeal, we assume without deciding that such an equal-protection-based claim is cognizable and actionable under § 1983.").

Thus, Plaintiff has failed to show that that the Equal Protection Clause guarantees a right to be free from sexual orientation discrimination. Because Plaintiff's argument fails at this fundamental level, Plaintiff also cannot—and does not—set forth any clearly established caselaw that is *particularized to the facts* at issue here. *See Apodaca*, 864 F.3d at 1076. Instead, Plaintiff's Response briefs argue at length about whether discrimination due to sexual orientation is inherently sex-based discrimination while overlooking whether the "clearly established" law "involves materially similar facts." *Id.*; *see also Mullenix*,

577 U.S. at 16 ("The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'").

Plaintiff does not present a case on point with a particularized set of facts that would put the Individual Defendants on notice that their specific conduct was violative of the Fourteenth Amendment. Certainly, the conduct described in the allegations, if true, is reprehensible, but Plaintiff has not met his burden to show it is unconstitutional. This, alone, entitles the Individual Defendants to qualified immunity.[6] *Est. of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).

### B. Constitutional Violation

To overcome the Individual Defendants' assertion of qualified immunity, Plaintiff must meet his burden on both qualified immunity prongs. Because, as discussed above, Plaintiff failed to identify caselaw that clearly establishes his rights and places the constitutional issue "beyond debate," *Mullenix v. Luna*, 577 U.S. at 16 (quotation omitted), the Court need not address the Individual Defendants' arguments regarding Plaintiff's failure to adequately allege a constitutional violation. *White v. Lucero*, 135 F.4th 1213, 1218 (10th Cir. 2025); *Cummings v. Dean*, 913 F.3d 1227, 1242 (10th Cir. 2019) (declining to "reach the first prong of the qualified-immunity analysis" where the

---

[6] Plaintiff argues that Chief Flowers and Assistant Chief VanDeburgh only raised the qualified immunity defense as to the hostile work environment theory. *See* Pl.'s Resp. [Doc. No. 27] at 8–9; [Doc. No. 28] at 12. Assistant Chief VanDeburgh, however, raised the defense several times. *See* [Doc. No. 14] at 7, 11, 14. Further, as Plaintiff also points out, only one cause of action is asserted against the Individual Defendants, and regardless of which theory is considered, the Court finds that Plaintiff has not shown he has a "clearly established" constitutional right under the Equal Protection Clause that can substantiate a Fourteenth Amendment claim against the Individual Defendants. Thus, the Individual Defendants are entitled to dismissal of the § 1983 claim.

11

plaintiffs "failed to identify clearly-established law" as required under the second qualified immunity prong).

### IV.     Conclusion

IT IS THEREFORE ORDERED that the Individual Defendants' Motions to Dismiss [Doc. Nos. 14, 16, 18] are GRANTED as set forth above. Plaintiff's claim against the Individual Defendants is dismissed with prejudice.[7]

The parties are advised that, by separate order, the Court will set this matter for a status conference.

IT IS SO ORDERED this 25th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] The Court dismisses the claim against the Individual Defendants with prejudice because they are entitled to qualified immunity and amendment would be futile. *See Encinias v. New Mexico Corr. Dep't*, No. 23-2052, 2024 WL 4380477, at *6 (10th Cir. Oct. 3, 2024) (affirming district court's order dismissing Plaintiff's claim with prejudice on the basis of qualified immunity); *Clark v. Wilson*, 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice"); *McCrary v. Jones*, 2015 WL 873641, at *6 (W.D. Okla. Feb. 27, 2015) (dismissing claim with prejudice where defendant was entitled to qualified immunity).